**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND, INDIANA**

| | |
|---|---|
| LEONARD SELLERS )<br> )<br>      **Plaintiff,** )<br> )<br>      v. )CAUSE NO. 2:23-CV-00253<br> )<br>LEAR CORPORATION )<br>      **Defendant,** ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Americans with Disability Act, Family Medical Leave Act and Title VII of the Civil Rights Act.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on April 29, 2023.

**PARTIES**

3. Plaintiff is disabled male and at all relevant times he resided in the Northern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Northern District of Indiana.

**FACTS**

5. Plaintiff began working for the Defendant in 2012 as an assembly worker.

6. Plaintiff performed his job well.

7. In May of 2022, Plaintiff had a procedure that required him to apply for FMLA and STD.

8. Plaintiff was approved for FMLA and STD from May 6, 2022 to June 27, 2022.

9. Plaintiff received an email an email dated July 25, 2022, that his return to work date was June 28, 2022.

10. Upon returning to work Plaintiff, was not able to clock-in and was informed by HR that he was terminated for no-call-no-show for three (3) consecutive days.

11. Subsequently, Plaintiff received a letter dated June 27, 2022, that he was terminated.

12. On August 30, 2022, Plaintiff filed his charge of discrimination with the EEOC.

13. On September 1, 2022, Plaintiff was brought back to work.

14. On or about September 2, 2022, Plaintiff was told he had to dismiss his EEOC complaint to remain employed at Defendant.

15. Plaintiff refused to dismiss his EEOC charge.

16. On October 25, 2022, Plaintiff was terminated because he did not dismiss his EEOC complaint.

17. Plaintiff was terminated due to his disability.

18. Plaintiff was terminated due to engaging in protected activity.

19. Defendant interfered with Plaintiff's FMLA rights.

## COUNT I

20. Plaintiff incorporates by reference paragraphs 1-19.

21. Defendant, as a result of terminating Plaintiff due to engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT II

22. Plaintiff incorporates by reference paragraphs 1-19.

23. Defendant, as a result of terminating Plaintiff due to his disability, violated the Americans with Disabilities Act, 42 U.S.C.A. § 2000e-5.

## COUNT III

24. Plaintiff incorporates by reference paragraphs 1-19.

25. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated the Americans with Disabilities Act, 42 U.S.C.A. § 2000e-5.

## COUNT IV

26. Plaintiff incorporates by reference paragraphs 1-19.

27. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

## COUNT V

28. Plaintiff incorporates by reference paragraphs 1 -19.

29. Defendant, as a result of interfering with Plaintiff's FMLA rights, violated Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416